# NO. 12-22-00131-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHNNY E. RUSH,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 3* |
| *ROMONA GALE RUSH,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

This appeal is being dismissed for failure to comply with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 42.3.

Johnny E. Rush, acting pro se, filed a notice of appeal on May 27, 2022. Pursuant to Rule 32.1, his docketing statement was due to have been filed at the time appeal was perfected.[1] *See* TEX. R. APP. P. 32.1. On May 27, this Court requested that Appellant file a docketing statement within ten days if he had not already done so. This notice was not returned. Appellant did not file a docketing statement as requested.

On June 9, the Clerk of this Court issued a notice advising Appellant that his docketing statement was past due. The notice provided that unless the docketing statement was filed on or before June 20, the appeal would be presented for dismissal in accordance with Texas Rule of Appellate Procedure 42.3. When this notice was returned, the Clerk of this Court updated the address to that in the clerk's record and resent the notice. This notice was also returned "no mail receptacle/unable to forward." The Clerk also attempted to contact Appellant by telephone, but the calls would not go through. *See Smith v. Pepper*, No. 05-21-00142-CV, 2021 WL 2801454,

---

[1] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. *Muhammed v. Plains Pipeline, L.P.*, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

at *1 (Tex. App.—Dallas July 2, 2021, no pet.) (mem. op.) (dismissing appeal for failure to file docketing statement or pay filing fee where court notices were returned as undeliverable and clerk's office unsuccessfully attempted to contact appellant by phone); *see also* TEX. R. APP. P. 9.1(b) ("party not represented by counsel must sign any document that the party files and give the party's mailing address, telephone number, fax number, if any, and email address").

Accordingly, because Appellant failed, after notice, to comply with Rule 32.1, the appeal is ***dismissed***. *See* TEX. R. APP. P. 42.3(c) (after giving ten days' notice, appellate court may dismiss appeal because appellant failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time).

Opinion delivered July 20, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 20, 2022**

**NO. 12-22-00131-CV**

**JOHNNY E. RUSH,**
Appellant
V.
**ROMONA GALE RUSH,**
Appellee

Appeal from the County Court at Law No. 3

of Smith County, Texas (Tr.Ct.No. 73901-B)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*